An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MILTON DANIEL LOPEZ-BONILLA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64969

**FILED**

APR 1 5 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal under NRAP 4(c) from a judgment of conviction, pursuant to a jury verdict, of battery with a deadly weapon causing substantial bodily harm. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

First, appellant Milton Lopez-Bonilla contends that the district court improperly denied him access to jury panel information when it denied a pretrial motion to compel. Initially, we note that the pretrial motion was filed by Lopez-Bonilla's codefendant, and the district court's order outlined that it was the codefendant's motion it was considering and denying. Even so, we considered the same argument by Lopez-Bonilla's codefendant on appeal and concluded that "Nevada's disclosure statute, NRS 174.235, does not mandate disclosure of prosecution-developed juror background information." *Artiga-Morales v. State*, 130 Nev. Adv. Op. No. 77, 335 P.3d 179, 181 (2014), *cert. denied*, (U.S. March 30, 2015) (No. 14-8063). Similar to Artiga-Morales, Lopez-Bonilla does not claim that any of the empaneled jurors were not fair and impartial; therefore, he does not demonstrate that he was denied his right

to a fair and impartial jury. *See id.* Accordingly, Lopez-Bonilla fails to demonstrate a statutory or constitutional basis for reversal based on the non-disclosure of the jury panel information.

To the extent Lopez-Bonilla claims that a *Batson v. Kentucky*, 476 U.S. 79 (1986), violation resulted from the district court's denial of the motion for jury panel information in that the State avoided peremptory challenges and race-neutral explanations by using the information, he fails to support this contention with any cogent argument or relevant authority, and we decline to address it. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Second, Lopez-Bonilla claims that the district court improperly denied the defense expert the right to use her PowerPoint presentation while testifying in order to aid the jury regarding the subject of eyewitness identification. We review the "district court's evidentiary rulings for an abuse of discretion." *Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009). The district court ruled that the expert could give testimony based on the scientific studies, journals, and information she had gathered to create the PowerPoint presentation, provided that the testimony was relevant and probative to the case, but disallowed the PowerPoint presentation because it found some of the presentation to be extremely inflammatory, prejudicial, inappropriate, and biased. Furthermore, the district court noted that because the PowerPoint presentation was not timely distributed, there was no opportunity to refine and choose the appropriate slides. At trial, the expert testified at

length about the reliability of eyewitness identification, including the effects of trauma on memory, wrongful convictions based on faulty eyewitness testimony, and problems in eyewitness cross-racial identification. Based on the record, we conclude that Lopez-Bonilla has not demonstrated that the district court abused its discretion by excluding the PowerPoint presentation.

Third, Lopez-Bonilla contends that the State committed prosecutorial misconduct during rebuttal closing argument by briefly displaying photographs of him and the codefendant with the word "guilty" across the front. When reviewing allegations of prosecutorial misconduct, we first consider whether the prosecutor's conduct was improper and then determine whether any improper conduct warrants reversal. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). Lopez-Bonilla's codefendant objected to the photographs, conceding that their limited use was proper but objecting to any prolonged display, and the district court sustained the objection the second time the photographs were shown. It does not appear that Lopez-Bonilla objected to the use of the photographs, and even assuming error, we conclude that Lopez-Bonilla fails to establish that it affected his substantial rights. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003); *cf. Watters v. State*, 129 Nev. Adv. Op. No. 94, 313 P.3d 243, 246-49 (2013) (holding that the use of a PowerPoint presentation during opening statement that includes a slide of the defendant's booking photograph with the word "GUILTY" written across it is error as it undermines the presumption of innocence); *Artiga-Morales,*

130 Nev. Adv. Op. No. 77, 335 P.3d at 182 (rejecting same argument made by co-defendant).

Having considered Lopez-Bonilla's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Janet J. Berry, District Judge
       Story Law Group
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A